**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 22-cv-62398-CIV-DIMITROULEAS**

APOLLO MANAGEMENT GROUP,

    PLAINTIFF,

v.

DOUGLAS B. CROXALL AND NATASHA
ALLAS CROXALL,

    DEFENDANTS.

_____

**OPPOSITION TO DEFENDANT
DOUGLAS B. CROXALL'S MOTION FOR
ATTORNEYS' FEES**

Plaintiff Apollo Management Group ("Plaintiff"), by and through its undersigned counsel, hereby opposes Defendant Douglas B. Croxall ("Defendant" or "Croxall")'s Motion for Attorneys' Fees:

### I.    PRELIMINARY STATEMENT

Defendant's Motion for Attorneys' Fees asserts that Defendant is entitled to statutory fees and also contractual fees under the Stock Purchase Agreement ("SPA") as a result of the dismissal of claims under Florida's Securities and Investor Protector Act ("FSIPA") and the Private Securities Litigation Reform Act ("PSLRA"). The Motion assumes, without explanation or authority, that this Motion is ripe to be heard even though the case is ongoing as to the remaining causes of action.

The Motion also ignores that the dismissed claims are substantively and temporally independent of the SPA, the agreement containing the attorney fee provision. As such, there is no

1

basis for the requested relief for this reason as well. Further, the amount of fees sought is unsupported.

While Plaintiff disputes the amount and foundation for the attorneys' fees alleged, it firstly disagrees that Defendant is entitled to attorneys' fees at this time given that the matter is not concluded, there remain claims to be adjudicated, and there is no prevailing party. Pursuant to Federal Rules of Civil Procedure Rule 54(d)(2)(C) and Rule 7.3 of the Local Rules of the Southern District of Florida, Plaintiff requests that this Court determine the issue of Defendant's entitlement to attorneys' fees first, before allowing briefing on the amount.

## II.     **DEFENDANT IS NOT ENTITLED TO AN ADJUDICATION OF ATTORNEYS' FEES AT THIS TIME ON ANY CLAIM**

Defendant argues that he is entitled to contractual and/or statutory attorneys' fees for having won his Motion to Dismiss as to some, but not all, of the causes of action in the Second Amended Complaint. However, Florida law and both the contractual and statutory provisions cited authorize attorneys' fees only to the prevailing party and only after final adjudication of the entire case.

Florida Rules of Civil Procedure, Rule 1.525 states that "[a]ny party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal, **which judgment or notice concludes the action as to that party**." (Emphasis added.) "To be deemed final, 'an order must demonstrate an end to the judicial labor.' 'The traditional test for finality is whether the decree disposes of the cause on its merits leaving no questions open for judicial determination except for execution and enforcement,' if necessary." *Coral Gables*

*Imports, Inc. v. Suarez*, 306 So.3d 348, 351 (Fla. Dist. Ct. App. 2020)(internal citations omitted). An order granting a motion to dismiss where causes of action remain between the parties is not a final order. *Hoffman v. Hall*, 817 So.2d 1057, 1058 (Fla. Dist. Ct. App. 2002). Further, "[t]he prevailing party is regarded as that party who has affirmative judgment rendered in his favor at the conclusion of the entire case." *Sharpe v. Ceco Corp.*, 242 So.2d 464, 465 (Fla. Dist. Ct. App. 1970).

In this instance, the matter is not final and Defendant is not the prevailing party. The Court's October 6, 2023 Order found that "Plaintiff may proceed as to Counts I and III" of the Amended Complaint. [DE 38, ¶ IV.] Further, the Court's docket reveals that this case is continuing. Defendant filed an Answer on October 19, 2023, and an Order Setting Trial Date and Discovery Deadlines was issued on November 21, 2023. [DE 39, 41.] There is no question but that the matter is not final and thus there is no prevailing party.

Defendant cites in his pleading to the Florida Southern District Local Rule 7.3, seemingly in an attempt to broaden the final judgment requirement to allow an award of attorneys' fees after entry of an order alleged to give rise to such an award but before disposition of the entire dispute. However, multiple cases applying Local Rule 7.3 reject this interpretation.

In *Hill by and through Hill v. Miami-Dade County*, Defendant filed a successful Motion to Dismiss Count V of the Amended Complaint though other causes of action remained. *Hill by and through Hill v. Miami-Dade County*, 05-21518-CIV, 2005 WL 8155225 (S.D. Fla., Oct. 17, 2005), *report and recommendation adopted* 05-21518-CIV, 2005 WL 8155175 (S.D. Fla., Nov. 18, 2005). Defendant then moved for attorneys' fees pursuant to Federal Rules of Civil Procedure Rule 54 and Florida Southern District Local Rule 7.3. *Id.* The Court found that "[i]n general, Rule 54 and the **Local Rules** require entry of a final judgment or appealable order prior

to the filing of a motion for fees or costs" and held that an order dismissing less than all of the claims in the complaint is not considered a final judgment. As a result, the Court ruled that Defendant was not entitled to an award of attorneys' fees until final adjudication of the dispute. *Id.* at p. 2-3 (emphasis in original).

Similarly, in *Scottsdale Insurance Company v. Klub Kutter's Bar & Lounge, LLC*, the Court found that the Motion for Attorneys' Fees was premature because "Defendant has not yet obtained a judgment or its equivalent," when the action for declaratory judgment remained pending. *Scottsdale Insurance Company v. Klub Kutter's Bar & Lounge, LLC*, 17-CV-61321 2018 WL 3730887 (S.D. Fla., July 6, 2018).

In *Gonzalez Quevedo v. Scottsdale Insurance Company,* the Court similarly found the Motion for Attorneys' Fees was premature because there remained a cause of action for breach of contract. *Gonzalez Quevedo v. Scottsdale Insurance Company*, 19-22688-CIV, 2019 WL 5260275 (S.D. Fla., Aug. 29, 2019), *report and recommendation adopted sub nom. Quevedo v. Scottsdale Insurance Company*, 19-22688-CIV, 2020 WL 9460223 (S.D. Fla., Feb. 25, 2020).

By Croxall's own admission, Florida Rules of Civil Procedure, Rule 1.525 applies to both statutory and contractual claims for attorneys' fees, and thus Defendant must lose this Motion on this ground alone. Even the statutory authority Defendant cites as the basis for his attorneys' fee award agrees that a final judgment is necessary before attorneys' fees can be awarded.

Florida Statute § 517.211(6) requires a determination of justness in the prevailing party's overall win before attorneys' fees can be awarded, stating "[i]n any action brought under this section, including an appeal, the court shall award reasonable attorneys' fees to the prevailing party unless the court finds that the award of such fees would be unjust." Fla. Stat. Ann. § 517.211 (West). Multiple cases have made it clear that an overall analysis of the case and each

party's successes and weaknesses is necessary in finding the justness of attorneys' fees, including those Defendant cited. In *Durden v. Citicorp Trust Bank, FSB*, the Court reviewed the record, procedural history, and evidence before determining whether attorneys' fees were warranted. *Durden v. Citicorp Trust Bank, FSB*, 763 F.Supp.2d 1299 (M.D. Fla. 2011). In *Shoreline Foundation, Inc. v. Brisk*, it was necessary for the Court to look at the prevailing party for each cause of action to determine the issue of attorneys' fees. *Shoreline Foundation, Inc. v. Brisk*, 278 So.3d 68 (Fla. Dist. Ct. App. 2019).

Other cases have applied this same principle. In *Arceneaux v. Merrill Lynch, Pierce, Fenner & Smith*, the Court held that "the significance of the overall relief obtained by the plaintiff [is relevant to determining] the hours reasonably expended on the litigation." *Arceneaux v. Merrill Lynch, Pierce, Fenner & Smith*, 595 F.Supp. 171 (M.D. Fla. 1984), *aff'd sub nom. Arceneaux v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 767 F.2d 1498 (11th Cir. 1985)(internal citations omitted). In *Dillon v. Axxsys Intern., Inc.*, the Court found that an award of attorneys' fees was unjust when Defendant won as to one claim but Plaintiff won as to a closely related claim and awarding attorneys' fees as requested would have resulted in the defrauded parties owing the defrauder. *Dillon v. Axxsys Intern., Inc.*, 2006 WL 3841809 (M.D. Fla., Dec. 19, 2006, No. 8:98CV2237T23TGW), *aff'd* 233 Fed.Appx. 982 (11th Cir. 2007). As these cases make clear, the requisite justness analysis is only possible following adjudication of an entire dispute.

The PSLRA similarly requires a final adjudication: "In any private action arising under this chapter, upon *final adjudication* of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint,

responsive pleading, or dispositive motion." 15 U.S.C.A. § 78u-4 (West)(emphasis added). It allows for attorneys' fees "[i]f the court makes a finding under paragraph (1) that a party or attorney violated any requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion" and requires that "[p]rior to making a finding that any party or attorney has violated Rule 11 of the Federal Rules of Civil Procedure, the court shall give such party or attorney notice and an opportunity to respond." 15 U.S.C.A. § 78u-4 (West).

The statute and case law are clear that a final judgment is necessary before attorneys' fees can be awarded, and Defendant has put forward no authority or other argument that his Motion is timely. Defendant is not entitled to attorneys' fees at this time, and this Motion should be denied.

### III.     DEFENDANT IS NOT ENTITLED TO CONTRACTUAL ATTORNEYS' FEES AS THE CLAIMS ARE NOT BASED ON OR OTHERWISE INEXTRICABLY LINKED TO THE STOCK PURCHASE AGREEMENT

The Stock Purchase Agreement states that "[t]he prevailing party in any dispute resolution process involving this Agreement and its terms and provisions shall be entitled to recover from the other party its reasonable attorney's fee and costs." [DE 1, p. 20.] Defendant argues that, based on this provision, he is entitled to attorneys' fees for the dismissed claims because they involve and are "inextricably intertwined" with the SPA. He is wrong both because his claims do not involve the SPA and because he is not the prevailing party at this point in the litigation.

As Defendant argues, for an attorneys' fee petition to be invoked pursuant to a contractual provision, the claims at issue must be integral to the contract and the contract must be

"inextricably intertwined" with the claims at issue. *Caufield v. Cantele*, 837 So.2d 371, 378 (Fla. 2002). To be "inextricably intertwined," the litigation must "aris[e] out of" the contract and the dispute must "occur[] as a fairly direct result of the performance of contractual duties." *Caufield*, 837 So.2d at p. 379 (Fla. 2002), *quoting Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1116 (11th Cir. 2001). By contrast, "[d]isputes that are not related – with at least some directness – to [the] performance of duties specified by the contract do not count as disputes 'arising out of' the contract[.]" *Telecom Italia, SpA*, 248 F.3 at p. 1116.

Here, the claims distinctly relate to representations Defendant made separate and apart from the SPA. In fact, the representations relevant to the dismissed claims post-dated the execution of the SPA. [DE 30, ¶¶ 126-140, 157-169.]

In the Second Amended Complaint, Plaintiff alleges that Defendant made representations after the execution of the Stock Purchase agreement that Defendant would repurchase the shares. [DE 30, ¶¶ 108-110, 133-134, 148, 161-164.] The Stock Purchase Agreement did not contain a promise or other representation by Croxall to repurchase the shares. Those promises regarding the re-purchase were entirely independent of the SPA. [DE 30, pp. 16-26.] By the time Defendant represented that he would repurchase the shares, the Stock Purchase Agreement had already been entered into and completed – Plaintiff was already in possession of the shares and was already free to sell the shares. [DE 30, ¶¶ 108-110, 133-134, 148, 161-164.]

Plaintiff would have had the same holder claims against Defendant whether or not there was an SPA. Plaintiff owned the shares and alleges he was fraudulently induced not to sell them. [DE 30, ¶¶ 108-110, 133-134, 148, 161-164.] It is irrelevant that Plaintiff acquired the shares through the Stock Purchase Agreement. Defendant cites for support *Caufield*, *Telecom*, and *Dolphin LLC v. WCI Communities, Inc.*, 715 F.3d 1243, 1250-51 (11th Cir. 2013). However,

7

*Caufield*, *Telecom*, and *Dolphin* make clear that claims that are the basis of a fee provision in an agreement must exist only because of the contract. *Caufield*, 837 So.2d at p. 379; *Telecom Italia, SpA*, 248 F.3 at p. 1116; *Dolphin*, 715 F. 3d at pp. 1250-1251. That is not the case here.

The same principle applies to Plaintiff's Exchange Act and FSIPA claims. As Defendant acknowledges, Plaintiff's damages are premised not on the purchase of the shares through the SPA, but instead on Plaintiff's inability to sell the shares. [DE 43, p. 10.] Those claims stand entirely separately from how Plaintiff obtained the shares.

In *Rubinstein v. Keshet Inter Vivos Trust*, Plaintiffs claimed that Defendants engaged in fraud and conversion when Defendants transferred their ownership in Oceanside LLC (the owner and operator of the Sea Bonay Beach Resort) to another entity pursuant to an oral agreement between the parties, then fraudulently attempted to seize control back through forgery and other means. *Rubinstein v. Keshet Inter Vivos Trust*, 17-61019-CIV, 2020 WL 1445626 (S.D. Fla., Feb. 3, 2020), *report and recommendation adopted* 17-61019-CIV, 2020 WL 1445473 (S.D. Fla., Feb. 27, 2020). At the same time, there existed an Operating Agreement for Oceanside that contained an attorneys' fee provision. The Operating Agreement was unrelated to the transfer of the property. *Id.* at p. 2. After Plaintiffs prevailed on their claims, they sought attorneys' fees against Defendants under the Operating Agreement. *Id.*

As in the case at bar, the claims that the *Rubinstein* Court addressed did not rely upon the agreement containing the pertinent provision. The Court held, in relevant part, that the Operating Agreement was independent of the transfer of property and that the gravamen of Plaintiffs' claims was the oral agreement for the transfer of property. *Id.* at p. 3. The Court denied the Motion. *Id.* at p. 6. The same result must follow here. Just as in *Rubinstein*, where Plaintiffs' damages were premised on the violation of an oral agreement, not on the Operating Agreement

containing the attorneys' fees provision, Plaintiff's dismissed claims are not inextricably intertwined with the SPA.

### IV.     DEFENDANT IS NOT ENTITLED TO STATUTORY ATTORNEYS' FEES

As discussed above, attorneys' fees under FSIPA and PSLRA (based on the holder claims) require a weighing of the totality of circumstances after final judgment to determine whether an award of attorneys' fees would be just and whether Federal Rules of Civil Procedure Rule 11 was violated. Defendant ignores this in favor of arguing that he is automatically entitled to statutory attorneys' fees solely because of the partial dismissal after Motion to Dismiss and ignores that there has been no final judgment in this matter. He makes this same argument as to both the FSIPA and the PSLRA claims.

Defendant cites two cases in support of his proposition that he can automatically recover attorneys' fees because certain claims were dismissed: *Fernau v. Enchante Beauty Products, Inc.*, 18-CV-20866, 2021 WL 1520755 (S.D. Fla. Mar. 11, 2021), *report and recommendation adopted,* 18-20866-CIV, 2021 WL 1152835 (S.D. Fla. Mar. 26, 2021), *on reconsideration in part,* 18-20866-CIV, 2021 WL 1923285 (S.D. Fla. May 13, 2021) and *BJCC, LLC v. LeFevre*, 8:09-CV-551-T-17EAJ, 2011 WL 5597305 (M.D. Fla. Oct. 11, 2011), *report and recommendation adopted sub nom. BCJJ, LLC v. LeFevre*, 8:09-CV-551-T-17EAJ, 2011 WL 5597349 (M.D. Fla. Nov. 17, 2011).

In *Fernau*, the Third Amended Complaint was dismissed in its entirety with prejudice and final judgment entered after a Motion to Dismiss. *Fernau*, 2021 WL 1520755 at p. 2. Defendants moved for attorneys' fees under FSIPA, among other statutes. *Id.* at p. 4. In determining whether Defendants were entitled to attorneys' fees, the Court found that

9

"Defendants are the prevailing party, as final judgment has been entered in their favor" and then turned to whether an award of attorneys' fees would be just. *Id.* at p. 5. It pointed out that other courts have considered "(1) the relative economic resources of the parties; (2) the public policy behind the statute authorizing an award of attorney's fees; and (3) whether or not the claims made by the non-prevailing plaintiff were substantially justified." *Id.*

With regard to the third factor, the Court analyzed Plaintiffs' ability to amend the Complaint to determine whether the claims in question were substantially justified. *Id.* at p. 6. It found that one Defendant was entitled to attorneys' fees because Plaintiffs did not plead any new or additional facts after Motion to Dismiss and the failure to make any attempt to amend was fatal to the claim and tantamount to dismissal of that claim. *Id.* at p. 6. It then found that the other two Defendants were partially entitled to attorneys' fees as to the fraud claims because they were improperly amended without leave to amend. *Id.*

In *BJCC*, the Complaint was dismissed with prejudice and final judgment entered after a Motion to Dismiss because no claim could lie against Defendant M & I under FSIPA under any circumstance. *BJCC*, 2011 WL 5597305 at p. 2. The Court considered the same factors as *Fernau* and found that Defendant was entitled to attorneys' fees because the FSIPA claim was not substantially justified. *Id.*

Though Defendant relies on *Fernau* and *BJCC* for the proposition that he is automatically entitled to attorneys' fees because the claims were dismissed, that is not supported by the facts of either case. Both *Fernau* and *BJCC* were specific cases, after final judgment, where no claim could possibly lie. In *Fernau*, the Court found that Plaintiffs' complete failure to amend the complaint as to one Defendant and improper amendment where leave was not granted as to the other two meant that the causes of action were not substantially justified. *Fernau*, 2021 WL

10

1520755. In *BJCC*, the cause of action in question could never lie against the Defendant under any circumstance. Neither of those situations apply here.

By contrast, Plaintiff's dismissed causes of action were substantially justified and supported by facts pled, even if not enough to proceed past the law and motion stage. [DE 38.] The Court acknowledged that more material facts were pled but found that a particular allegation was missing specificity. [DE 38, pp. 8-10.] The Court found that the other elements of the claim, however, were properly plead. [DE 38.]

As to the PSLRA claim for attorneys' fees based on the holder claims, Defendant makes essentially the same argument, calling the holder claims "frivolous" because Plaintiff purportedly attempted to reassert claims that could not lie. However, Defendant misinterprets this Court's Order. [DE 43, p. 16.] The Court actually found, out of an abundance of caution, that if "Plaintiff's amendments in the SAC were designed to revive its holder claims as to Counts II or IV, Florida law" did not permit those claims. [DE 38, p. 14.] Plaintiff had no such intention of reasserting dismissed claims and the Court certainly did not find as such. Defendant cannot receive attorneys' fees for a cause of action being frivolous based on an extra statement by the Court ensuring something was clear, nor can Defendant receive attorneys' fees when the causes of action were substantially justified.

Lastly, again, Defendant is not the prevailing party. "The prevailing party is regarded as that party who has affirmative judgment rendered in his favor at the conclusion of the entire case." *Sharpe*, 242 So.2d at p. 465. There has been no final judgment and the case is not concluded. Therefore, Croxall is not the prevailing party. Moreover, the PSLRA requires this Court, "upon final adjudication," to determine whether each substantive pleading was in compliance with Federal Rules of Civil Procedure Rule 11(b). 15 U.S.C.A. § 78u-4 (West). It

permits the Court, at the end of the case, to impose sanctions on the offending party after an opportunity to be heard. Defendant puts forward no authority that this Court can determine piecemeal which pleadings warrant attorneys' fees.

Consequently, this Motion lacks merit and must be denied.

## V. THE OVERALL TIME BILLED FOR DRAFTING THE THREE MOTIONS TO DISMISS IS UNREASONABLE GIVEN THE SIMILARITIES AMONG THE THREE MOTIONS

Though Plaintiff requests additional briefing on the amount of attorneys' fees awarded should Defendant's Motion be found to be ripe, Plaintiff nonetheless objects to the amount of the attorneys' fees requested given the distinct similarities, and at times, identical drafting, represented in the three Motions to Dismiss.

In determining the amount of attorneys' fees to be awarded, courts apply the following three-step process: (1) determine whether the party prevailed in the litigation; (2) determine the lodestar amount, which is calculated by multiplying the number of hours reasonably expended in litigating the claim by the reasonable hourly rate; and (3) adjust the lodestar, if necessary, to account for the results obtained by the prevailing party. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.* at p. 434. Further, this Court "may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut" to find whether the attorneys' fees alleged are reasonable. *Century Surety Company v. All American Lube of Boca, Inc.*, 21-CV-81935-AMC, 2023 WL 4972923

(S.D. Fla., June 1, 2023).

Here, defendant's three Motions to Dismiss contain substantially similar, and even at times identical, arguments, yet Mr. Mullen alone billed almost ten (10) hours each on drafting the second and third Motions to Dismiss after having billed twenty-five (25) hours drafting the first. While the second and third Motions would have taken some time to draft, ten (10) hours each of Mr. Mullen's time does not appropriately correspond to the uniqueness of the efforts, especially when combined with the efforts of the other billing attorneys. Nadine Edenfield spent an additional thirty (30) hours on research and drafting the three Motions to Dismiss, spending half of that time on the second Motion to Dismiss. In examining the reasonableness of the billing in totality, it is clear that defense counsels' billing for the second and third Motions to Dismiss must be reduced in light of the similarities among the three Motions.

## VI.     CONCLUSION

For these reasons, Plaintiff respectfully asks that this Court deny Defendant's Motion for Attorneys' Fees in its entirety.  In the event that the Court rejects Plaintiff's position, it is respectfully submitted that the Court set a further briefing schedule and hearing on the issue of the amount of the attorneys' fees.

Dated:  December 27, 2023             Respectfully submitted,

/s/  Riley W. Cirulnick
LORIUM PLLC
Riley W. Cirulnick
Florida Bar No. 333270
rcirulnick@loriumlaw.com
101 NE 3rd Ave., Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 462-8000

>Peter R. Ginsberg (*pro hac vice*)
>MOSKOWITZ COLSON GINSBERG &
>SCHULMAN, LLP
>pginsberg@mcgsllp.com
>80 Broad Street, 19th Floor
>New York, NY 10004
>Telephone: (212) 257-6455
>
>*Counsel for Plaintiff*