UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-CV-62398-DIMITROULEAS/AUGUSTIN-BIRCH

APOLLO MANAGEMENT GROUP, INC.,

    Plaintiff,

v.

DOUGLAS B. CROXALL, *et al.*,

    Defendants.

_____

REPORT AND RECOMMENDATION ON
DEFENDANT'S VERIFIED MOTION FOR ATTORNEYS' FEES

The Honorable William P. Dimitrouleas, United States District Judge, referred this matter to the undersigned United States Magistrate Judge for appropriate disposition or a report and recommendation on Defendant Douglas B. Croxall's Verified Motion for Attorneys' Fees. DE 45. The Motion for Attorneys' Fees is fully briefed at docket entries 43, 49, and 52. The Court has carefully considered the briefing and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Court recommends that the Motion for Attorneys' Fees be **DENIED WITHOUT PREJUDICE**.

I.     Background

This case stems from alleged fraud and misrepresentation that purportedly induced Plaintiff Apollo Management Group, Inc., an investment company, to purchase and then refrain from selling stock in Crown Electrokinetics Corp., a publicly traded company that provides window-tinting technology. Defendant Douglas B. Croxall ("Mr. Croxall") is Crown Electrokinetics' Chief Executive Officer and Chairman of the Board of Directors.

In the original complaint, Apollo Management Group raised 7 counts against Mr. Croxall and his wife, Defendant Natasha Allas Croxall ("Mrs. Croxall," collectively "the Croxalls"), consisting of: (1) fraud and fraud in the inducement; (2) violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 under that Act; (3) negligent misrepresentation; (4) conversion; (5) unjust enrichment; (6) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"); and (7) violation of the Florida Securities and Investor Protection Act ("FSIPA").  DE 1.  The Croxalls moved to dismiss the original complaint in its entirety with prejudice.  DE 13.  In ruling on this first motion to dismiss, Judge Dimitrouleas dismissed all of Apollo Management Group's claims and permitted it an opportunity to file an amended complaint repleading its claims except for the unjust enrichment claim, which Judge Dimitrouleas dismissed with prejudice.  DE 22.

In an amended complaint, Apollo Management Group raised 5 counts against the Croxalls consisting of: (1) fraud and fraud in the inducement; (2) violation of Section 10(b) of the Securities Exchange Act and Rule 10b-5; (3) negligent misrepresentation; (4) violation of FDUTPA; and (5) violation of FSIPA.  DE 23.  The Croxalls moved to dismiss the amended complaint in its entirety with prejudice.  DE 26.  In ruling on this second motion to dismiss, Judge Dimitrouleas dismissed with prejudice all claims against Mrs. Croxall and, as against Mr. Croxall, the FDUTPA claim and limited portions of the Securities Exchange Act and FSIPA claims.  Judge Dimitrouleas made rulings as to other portions of the Securities Exchange Act and FSIPA claims, as well as the fraud and negligent misrepresentation claims, and permitted Apollo Management Group an opportunity to file a second amended complaint.  DE 29.

In a second amended complaint, Apollo Management Group raised 4 counts against Mr. Croxall consisting of: (1) fraud and fraud in the inducement; (2) violation of Section 10(b) of

the Securities Exchange Act and Rule 10b-5; (3) negligent misrepresentation; and (4) violation of FSIPA. DE 30. Mr. Croxall moved to dismiss with prejudice the Securities Exchange Act and FSIPA claims and certain portions of the fraud and negligent misrepresentation claims. DE 31. Judge Dimitrouleas granted that third and final motion to dismiss. DE 38.

Thus, this case is proceeding on the fraud and fraud in the inducement count and on the negligent misrepresentation count as those counts have been narrowed through Judge Dimitrouleas' rulings. More specifically, the counts remain pending as to allegedly fraudulent statements and misrepresentations that Mr. Croxall made to Apollo Management Group's employees that induced Apollo Management Group to purchase stock. Judge Dimitrouleas ruled that Apollo Management Group cannot premise the remaining counts on (1) a "holder claim," that is, a claim that fraud and misrepresentations induced Apollo Management Group to refrain from selling stock; or (2) statements that Mr. Croxall allegedly made to non-parties.

## II.     Analysis

Mr. Croxall now seeks an award of $61,650.50 for the attorneys' fees he maintains he incurred to defend against the dismissed claims through the motions to dismiss. He contends that he is entitled to an attorneys' fees award under the Stock Purchase and Repurchase Option Agreement ("SPA") that Apollo Management Group entered into to purchase Crown Electrokinetics' stock, FSIPA, and/or the Private Securities Litigation Reform Act ("PSLRA") that applies to claims brought under the Securities Exchange Act. Among its arguments against an award of attorneys' fees, Apollo Management Group asserts that the Court should evaluate Mr. Croxall's request for attorneys' fees after the final adjudication of this case rather than now, when claims remain pending.

3

"A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). A motion for attorneys' fees must "be filed and served within sixty (60) days of the entry of the final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings." Southern District of Florida Local Rule 7.3(a)(1). Mr. Croxall correctly points out that Local Rule 7.3's use of the phrase "or order giving rise to the claim" permits a motion for attorneys' fees to be filed before the entry of a final judgment while the case remains pending. *See Lira v. Essentia Ins. Co.*, 861 F. App'x 374, 377 (11th Cir. 2021) (interpreting Local Rule 7.3 and stating that the "use of the disjunctive 'or' indicates that the terms 'final judgment' and 'order giving rise to the claim' have separate meanings and that either is sufficient to trigger the Local Rule's 60-day deadline" and that "the Local Rule applies both in cases where there is a final judgment and in cases where there is not a final judgment but still a claim for attorney's fees").

Nevertheless, a court has the discretion to deny without prejudice a motion for attorneys' fees that is filed mid-case and require the motion to be refiled after a final adjudication of the case. *E.g., Morton's of Chi./Mia., LLC v. 1200 Castle 100-A, Inc.*, No. 13-23366-CIV, 2014 WL 11910627, at *2 (S.D. Fla. Sept. 2, 2014) (denying without prejudice as a matter of judicial economy a motion for attorneys' fees filed after the court had granted partial summary judgment but the case remained pending on an additional count and permitting the motion for attorneys' fees to be refiled at the conclusion of the case). "District courts have unquestionable authority to control their own dockets," and this "authority includes broad discretion in deciding how best to manage the cases before them." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir.

4

2014) (quotation marks omitted) (ruling that a district court had the authority to set a deadline for filing motions for fees).

The Court recommends that resolution of Mr. Croxall's Motion for Attorneys' Fees is better left until after the final adjudication of this case for at least three reasons. First, each of the three authorities that Mr. Croxall contends entitles him to an attorneys' fees award (the SPA, FSIPA, and PSLRA) provides for an award of *reasonable* attorneys' fees. *See* DE 1 at 20 (provision of the SPA stating, "The prevailing party in any dispute resolution process involving this Agreement and its terms and provisions shall be entitled to recover from the other party its reasonable attorney's fees and costs."); Fla. Stat. § 517.211(6) (provision of FSIPA stating, "In any action brought under this section, including an appeal, the court shall award reasonable attorneys' fees to the prevailing party unless the court finds that the award of such fees would be unjust."); 15 U.S.C. § 78u-4(c)(1) (provision of PSLRA stating, "If the court makes a finding . . . that a party or attorney violated any requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion, the court shall impose sanctions on such party or attorney in accordance with Rule 11 of the Federal Rules of Civil Procedure."); Fed. R. Civ. P. 11(c)(4) (listing "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation" among the sanctions for a Rule 11 violation). When determining the reasonableness of an attorneys' fees award, one factor that a court considers is the results obtained. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988). A court should compensate for all hours reasonably expended if the result was excellent and should reduce the award if the result was partial or of limited success. *Id.* "A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Id.* "Where all

theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours." *Id.*

Apollo Management Group contends that it suffered damages between $737,000 and $24,100,000 and, among its prayers for relief, seeks treble damages and punitive damages. DE 30 ¶ 125. Through the fraud and negligent misrepresentation claims that remain pending, Apollo Management Group still could recover damages. If Apollo Management Group were to recover damages through its remaining claims—claims arising from the same operative facts as the dismissed claims—the Court would consider that result among other factors to determine the appropriate amount of any attorneys' fees award. There being no final result of the litigation as a whole, the Court cannot conduct a complete analysis of the reasonableness of an attorneys' fees award at this juncture. Thus, the Court recommends denying without prejudice Mr. Croxall's Motion for Attorneys' Fees to be refiled after the final adjudication of this case.

As for the second reason the Court recommends delaying a ruling on Mr. Croxall's Motion for Attorneys' Fees, the fees that he seeks were incurred for researching, drafting, editing, and reviewing in connection with the three motions to dismiss. *See* DE 43-4 at 20–45 (attorney billing records). The first two motions to dismiss sought dismissal of the original complaint and amended complaint in their entireties. Therefore, some of the researching, drafting, editing, and reviewing in connection with the first two motions to dismiss was related to claims that remain pending in this case—claims on which Mr. Croxall has not yet prevailed. Mr. Croxall asserts that his attorneys have exercised billing judgment and that the fees he seeks now were incurred only in connection with the dismissed claims. DE 43 at 19–20. However, the Court cannot verify Mr. Croxall's assertion that his attorneys have excised from the fees request those fees incurred related to claims that remain pending. Most of the entries in the attorney billing records are generic and not targeted

6

toward particular claims. *E.g.,* DE 43-4 at 21 (billing entry to "Edit latest draft of the motion to dismiss; key-cite all referenced authorities in the motion to ensure the case law is still good law and stands for the cited proposition"), 26 (billing entries to "Work on finalizing motion to dismiss and correspondence with the client" and "Review opposition and begin outlining reply arguments and research issues"), 40 (billing entries to "Continue working on motion to dismiss amended complaint and include additional arguments" and "Follow up research regarding grounds for moving to dismiss Amended Complaint"). Should Mr. Croxall prevail on the remaining claims and seek attorneys' fees at the conclusion of this case, the Court may not need to distinguish between fees incurred for particular claims. As a matter of judicial economy, the Court recommends denying without prejudice Mr. Croxall's Motion for Attorneys' Fees to be refiled after the final adjudication of this case.

As for the third reason the Court recommends delaying a ruling on Mr. Croxall's Motion for Attorneys' Fees, one of the three authorities that Mr. Croxall contends entitles him to an attorneys' fees award, the PSLRA, explicitly requires a "final adjudication" before a review for the imposition of Rule 11 sanctions such as attorneys' fees is conducted:

> In any private action arising under this chapter, *upon final adjudication of the action*, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.
>
> . . .
>
> If the court makes a finding . . . that a party or attorney violated any requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion, the court shall impose sanctions on such party or attorney in accordance with Rule 11 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(c)(1), (2) (emphasis added). For this additional reason, the Court recommends denying without prejudice Mr. Croxall's Motion for Attorneys' Fees to be refiled after the final adjudication of this case.

### III. Recommendation

For the foregoing reasons, the Court recommends that Defendant Douglas B. Croxall's Verified Motion for Attorneys' Fees [DE 43] be **DENIED WITHOUT PREJUDICE**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 7th day of February, 2024.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE